**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mario Espinosa Romero, | No. CV-26-00416-PHX-SHD (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner filed this action challenging his immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Pursuant to that judgment Petitioner is entitled to be released from custody or provided a bond redetermination hearing within ten days. But in the alternative, the Court's review of the Petition confirms he is entitled to relief regardless of *Bautista* and the Court grants relief based on its independent view that his detention is governed by § 1226 and not § 1225 for

the reasons set forth in *Echevarria v. Bondi,* 2025 WL 2821282 (D. Ariz. 2025) (determining that § 1226(a) applies in this circumstance).[1]

**IT IS ORDERED**:

(1)    Counsel for Petitioner must **immediately** serve the Petition upon Respondents.

(2)    If not already issued, the Clerk's Office must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(5)    Respondents must provide Petitioner a bond redetermination hearing within **ten days** or release him from custody under the same conditions that existed before him detention.

(6)    Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.

(7)    Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

///

///

---

[1]    The Court has reviewed Respondents' responses in other habeas cases that present this issue and notes that those responses effectively reassert the same arguments concerning the impact of *Bautista* and disputing the Court's conclusion in *Echevarria*. Accordingly, the Court grants relief without requiring a response. Nonetheless, Respondents may seek reconsideration of this Order in the event they believe Petitioner is not, in fact, a member of the *Bautista* class. But the Court's review of the docket in this matter reflects he entered the United States nearly 30 years ago and is not an arriving alien subject to § 1225(b) but is subject to detention under § 1226(a). (Doc. 1-1 at 3) (Petitioner's Notice to Appear reflecting he was not designated an arriving alien). Additionally, Respondents may seek reconsideration based on new arguments challenging the conclusion reached in *Echevarria*.

(8)    Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice as moot**.

Dated this 26th day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge